Alexis A. Smith, Bar No. 274429
asmith@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071.2452
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Ryan B. McCrum (*pro hac vice* to be filed)
rbmccrum@jonesday.com
Susan M. Gerber (*pro hac vice* to be filed)
smgerber@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio  44114.7231
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Attorneys for Plaintiffs
WYBOTICS INC. and WYBOTICS, CO. LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYBOTICS INC. and WYBOTICS, CO. LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ZODIAC POOL SYSTEMS LLC and ZODIAC POOL CARE EUROPE,<br><br>Defendants. | Case No.2:25-cv-08526<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF PATENTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Wybotics Inc. ("Wybotics CA") and Wybotics, Co. Ltd. ("Wybotics China") (collectively "Wybotics" or "Plaintiffs") for their Complaint against Defendants Zodiac Pool Systems LLC ("Zodiac CA") and Zodiac Pool Care Europe ("Zodiac Europe") (collectively "Zodiac" or "Defendants"), allege as follows:

**INTRODUCTION**

1. This is an action by Wybotics against Zodiac for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 8,393,029 (the "'029 Patent") and U.S. Patent No. 8,393,031 (the "'031 Patent) (collectively the "Patents-in-Suit") arising under the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, including Title 35 of the United States Code.

2. The Patents-in-Suit relate to a device for cleaning a submerged surface, and in particular, a device for cleaning swimming pools.

3. The '029 Patent is titled "APPARATUS FOR CLEANING A SUBMERGED SURFACE INCLUDING A BRUSHING DEVICE DRIVEN BY MEMBERS FOR DRIVING THE APPARATUS ON THE SUBMERGED SURFACE," lists inventors Philippe Pichon and Emmanuel Mastio, and issued on March 12, 2013. A copy of the '029 Patent is attached hereto as Exhibit 1.

4. The '031 Patent is titled "APPARATUS FOR CLEANING A SUBMERGED SURFACE WITH REMOVABLE FILTRATION DEVICE," lists inventors Philippe Pichon and Emmanuel Mastio, and issued on March 12, 2013. A copy of the '031 Patent is attached hereto as Exhibit 2.

5. Wybotics China designs and manufactures a line of robotic pool cleaners, including Wybot C1, Wybot C1 Pro, Wybot C1 Max, Wybot S2, Wybot S2 Pro, Wybot S2 Solar, AquaClean, Winny HJ3172, Bugson, Bugson Plus, and Aquamoto Scrubo Pro (the "Accused Products"). Wybotics China also sells certain of the accused products, namely the Wybot C1, Wybot C1 Pro, Wybot C1 Max, Wybot S2, Wybot S2 Pro, Wybot S2 Solar, and the AquaClean, on the website

www.wybotpool.com.  Furthermore, Wybotics China operates a store on Amazon where it sells or has sold certain of the accused products, namely the Wybot C1, Wybot C1 Pro, Wybot C1 Max, Wybot S2, and Wybot S2 Solar.

6. Wybotics China sells the Accused Products to Wybotics CA.

7. Wybotics CA then sells the Accused products to distributors in the United States.  Wybotics CA is also involved in the marketing and distribution of the Accused Products in the United States.  Wybotics CA's role includes negotiations and sales of the Accused Products to US distributors, and management of warehousing and distribution of the Accused Products in the US.  Wybotics CA also provides customer support for the Accused Products.  Wybotics CA is also involved in the research and development of Wybotics China.

8. Wybotics seeks a declaration that it and its Accused Products do not infringe any valid and enforceable claim of the Patents-in-Suit.

## THE PARTIES

9. Plaintiff Wybotics CA is a California corporation with its principal place of business at 1108 S. Baldwin Ave, Suite 208, Arcadia, California 91007.

10. Plaintiff Wybotics China is a foreign company organized and existing under the laws of China with its principal place of business at No. 30, 4th of Zhong Nan Street, West-Zone, TEDA, Tianjin, China.

11. Wybotics CA is a wholly owned subsidiary of Wybotics China.

12. Defendant Zodiac Europe is a French company with its corporate headquarters located at ZA La Balme, 31450 Belberaud, France.  Zodiac Europe contends it owns by assignment all right, title, and interest in, and has standing to sue for infringement of, the Patents-in-Suit.

13. Defendant Zodiac CA is a Delaware limited liability company that lists its principal place of business at 2882 Whiptail Loop # 100, Carlsbad, California 92010.  Zodiac CA contends it holds an exclusive license from Zodiac Europe,

COMPLAINT FOR DECLARATORY JUDGMENT

granting it all substantial rights in, and has standing to sue for infringement of, the Patents-in-Suit.

## JURISDICTION AND VENUE

### A. This Court has Subject Matter Jurisdiction

14. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

15. The Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a), because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

16. Off and on since 2016, Wybotics and Zodiac have been involved in disputes, including several legal actions, concerning the infringement and validity of the Patents-in-Suit. Back in February 2016, Zodiac sent a cease-and-desist letter to Wybotics China in its former name of Tianjin Wangyuan Environmental Protection and Technology Co., Ltd., alleging that Wybotics China infringed the '029 Patent with its Winny line of products, which includes Accused Products. A true and correct copy of Zodiac's 2016 letter is attached hereto as Exhibit 3 to this Complaint.

17. Zodiac initiated a lawsuit in this District on July 29, 2022 against Wybotics China (doing business as Winny Pool Cleaner and formerly known as Tianjin Wangyuan Environmental Protection and Technology Co., Ltd.) and its former United States customer Tianjin Pool & Spa Corp., alleging that those parties infringed the Patents-in-Suit in a prior case captioned *Zodiac Pool Care Europe v. Wybotics, Co. Ltd.*, Civil Action No. 2:22-cv-5271 ("Zodiac's Prior California Lawsuit"). The accused products in that action included the Winny HJ3172 Bugson, Bugson Plus, and Aquamoto Scrubo Pro and other similar pool cleaners manufactured by Wybotics China under private labels. A true and correct copy of

1  Zodiac's complaint in its Prior California Lawsuit against Wybotics is attached
2  hereto as Exhibit 4 to this Complaint.

3       18.    Zodiac also filed a complaint at the International Trade Commission
4  ("ITC") on July 29, 2022, alleging that Wybotics China and its United States
5  customer infringed the Patents-in-Suit.  The ITC instituted an investigation as to the
6  alleged infringement in August 2022, in Investigation No. 337-TA-1326 ("Zodiac's
7  Prior ITC Case") in August 2022.  The accused products in that investigation also
8  included the Winny HJ3172 Bugson, Bugson Plus, and Aquamoto Scrubo Pro and
9  other similar pool cleaners manufactured by Wybotics under private labels.  A true
10 and correct copy of Zodiac's complaint in its Prior ITC Case is attached hereto as
11 Exhibit 5 to this Complaint.

12      19.    After settling with other parties named in the investigation, on
13 February 21, 2023, Zodiac unilaterally withdrew its complaint and moved to
14 terminate the Prior ITC Case.  Its motion was granted by the Administrative Law
15 Judge the same day.

16      20.    On March 29, 2023, Zodiac filed its Notice of Voluntary Dismissal in
17 its Prior California Lawsuit (ECF No. 24).

18      21.    Then on May 23, 2025, Zodiac initiated a new lawsuit in the Eastern
19 District of Texas, Civil Action No. 2:25-cv-582 (the "EDTX Lawsuit").  Zodiac
20 named Wybotics China as the sole defendant, alleging again that Wybotics China
21 infringes the Patents-in-Suit.  The accused products in that action are the same as
22 those identified as the "Accused Products" in paragraph 5 of this Complaint.  A true
23 and correct copy of Zodiac's complaint in the EDTX Lawsuit is attached as Exhibit
24 6 to this Complaint.

25      22.    As set forth above and in light of Zodiac's continued assertions of the
26 Patents-in-Suit against the Wybotics entities, an actual justiciable controversy exists
27 under 28 U.S.C. §§ 2201-2201 between Wybotics and Zodiac as to whether the
28

1 claims of the Patents-in-Suit are valid and infringed by any Wybotics Accused Products.

**B.   This Court has Personal Jurisdiction Over the Zodiac Defendants**

23.  The Court has personal jurisdiction over Zodiac CA, because it maintains a principal place of business in the State of California and therefore resides in California.

24.  This Court also has personal jurisdiction over both Zodiac Defendants pursuant to due process and/or the California Long Arm Statute because of Defendants' continuous and systematic contacts in this District as well as Defendants' licensing and enforcement of the Patents-in-Suit in California.

25.  Defendants have purposefully availed themselves of the benefits of this District by initiating a their Prior California Lawsuit in this District against Wybotics China (doing business as Winny Pool Cleaner and formerly known as Tianjin Wangyuan Environmental Protection and Technology Co., Ltd.) and its former United States customer Tianjin Pool & Spa Corp., alleging that those parties infringed the Patents-in-Suit.  *See* Exhibit 4.

26.  Defendants have purposefully directed their enforcement activities at this District, including by alleging infringement of the Patents-in-Suit by two companies having principal places of business and/or operations in this District, including at least:  Tianjin Pool & Spa Corp. (a California corporation, former customer of Wybotics China, and located in Commerce, California) and Aiper Inc. (another California corporation located in Los Angeles, California, and customer of Wybotics China).  *See* Exhibit 4 at 1-2.

27.  Defendants have purposefully directed their licensing activities at this District.  According to Zodiac's Complaint in its Prior ITC Case, Zodiac Europe licensed the Patents-In-Suit to Zodiac CA, a resident of this state.  *See* Exhibit 5 at p. 22, 26.

COMPLAINT FOR DECLARATORY JUDGMENT

28. The claims asserted herein arise out of or relate to activity by Defendants within and directed at this forum. Defendants' minimum contacts with this forum allow this Court to exercise personal jurisdiction over Defendants and do not offend any traditional notions of fair play and substantial justice.

### C. Venue is Proper in this District

29. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) at least because Defendants are subject to personal jurisdiction in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendants purposefully directed their activities to this District.

30. Venue in this District is also proper because Zodiac Europe is a foreign company who may be sued in any judicial district under 28 U.S.C. § 1391(c).

## COUNT ONE: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '029 PATENT

31. Wybotics repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

32. Zodiac Europe contends that it owns by assignment all right, title, and interest in, and has standing to sue for infringement of the '029 Patent.

33. Zodiac CA contends that it holds an exclusive license with all substantial rights in, and has standing to sue for infringement of the '029 Patent.

34. Zodiac contends that the claims of the '029 Patent are valid and enforceable, and that Wybotics directly and/or indirectly infringes one or more claims of the '029 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271.

35. Wybotics contends that it does not infringe any valid and enforceable claim of the '029 Patent under any theory, thus Wybotics has not committed any act in violation of 35 U.S.C. § 271.

36. An actual justiciable controversy therefore exists between Wybotics and Zodiac regarding whether Wybotics has infringed any valid and enforceable claim of the '029 Patent.

37. A judicial declaration is necessary and appropriate so that Wybotics may ascertain its rights regarding its Accused Products and the '029 Patent.

38. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Wybotics is entitled to a declaratory judgment that Wybotics has not and does not infringe, either directly or indirectly, any valid and enforceable claim of the '029 Patent under 35 U.S.C. § 271(a), (b), or (c).

## COUNT TWO: DECLARATORY JUDGMENT OF INVALIDITY OF THE '029 PATENT

39. Wybotics repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

40. Zodiac contends that the claims of the '029 Patent are valid.

41. Wybotics contends that the claims of the '029 Patent are invalid at least for failure to comply with the requirements for patentability of Title 35 of the U.S. Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

42. For example, the claims of the '029 Patent are anticipated under 35 U.S.C. § 102 and/or rendered obvious under 35 U.S.C. § 103 in view of the prior art of record in the prosecution of the '029 Patent, all other related U.S. and foreign applications, admissions in the '029 Patent and/or its file history, all prior art asserted in the Prior ITC Case, including at least U.S. Patent No. 5,617,600 ("Frattini"); U.S. Publication No. 2006/0059637 ("Fridman"); U.S. Publication No. 2007/0028405 ("Garti"); U.S. Patent No. 5,569,371 ("Perling"); U.S. Publication No. 2005/0181968 ("Policicchio"); U.S. Patent No. 3,947,912 ("Michaels"); U.S. Patent No. 220,413 ("Pittman"); U.S. Patent No. 3,097,383 ("Taylor"); U.S. Patent No. 3,822,754 ("Henkin"); U.S. Patent No. 3,959,922 ("Leistikow"); U.S. Patent No. 5,239,721 ("Zahuranec"); U.S. Patent No. 5,771,987 ("Marbach"); U.S. Patent

No. 6,003,184 ("Campbell"); European Publication No. EP1688562A2 ("Pareti"); and Japanese Patent No. JP2977663B2 ("Sakamoto"), either alone or in combination with each other.

43. As another example, the claims of the '029 Patent are invalid under 35 U.S.C. § 112 because the '029 Patent does not contain sufficient written description of the inventions set forth in the claims and the '029 Patent does not contain an enabling disclosure.

44. An actual justiciable controversy therefore exists between Wybotics and Zodiac regarding whether or not any claims of the '029 Patent are valid.

45. A judicial declaration is necessary and appropriate so that Wybotics may ascertain its rights regarding the validity of the '029 Patent.

46. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Wybotics is entitled to a declaratory judgment that the claims of the '029 Patent are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT THREE: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '031 PATENT

47. Wybotics repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

48. Zodiac Europe contends that it owns by assignment all right, title, and interest in, and has standing to sue for infringement of the '031 Patent.

49. Zodiac CA contends that it holds an exclusive license with all substantial rights in, and has standing to sue for infringement of the '031 Patent.

50. Zodiac contends that the claims of the '031 Patent are valid and enforceable, and that Wybotics directly and/or indirectly infringes one or more claims of the '031 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271.

COMPLAINT FOR DECLARATORY JUDGMENT

51.  Wybotics contends that it does not infringe any valid and enforceable claim of the '031 Patent under any theory, thus Wybotics has not committed any act in violation of 35 U.S.C. § 271.

52.  An actual justiciable controversy therefore exists between Wybotics and Zodiac regarding whether Wybotics has infringed any valid and enforceable claim of the '031 Patent.

53.  A judicial declaration is necessary and appropriate so that Wybotics may ascertain its rights regarding its Accused Products and the '031 Patent.

54.  Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Wybotics is entitled to a declaratory judgment that Wybotics has not and does not infringe, either directly or indirectly, any valid and enforceable claim of the '031 Patent under 35 U.S.C. § 271(a), (b), or (c).

## COUNT FOUR: DECLARATORY JUDGMENT OF INVALIDITY OF THE '031 PATENT

55.  Wybotics repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

56.  Zodiac contends that the claims of the '031 Patent are valid.

57.  Wybotics contends that the claims of the '031 Patent are invalid at least for failure to comply with the requirements for patentability of Title 35 of the U.S. Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

58.  For example, the claims of the '031 Patent are anticipated under 35 U.S.C. § 102 and/or rendered obvious under 35 U.S.C. § 103 in view of the prior art of record in the prosecution of the '031 Patent, all other related U.S. and foreign applications, admissions in the '031 Patent and/or its file history, all prior art asserted in the Prior ITC Case, including at least U.S. Publication No. 2008/0099409 ("Gorelik"); U.S. Patent No. 4,064,586 ("Caron"); Technical Manual for Expert Pro pool cleaning robot ("Expert Pro"); U.S. Patent No. 6,013,178 ("Strano"); U.S. Patent No. 6,409,916 ("Zelas"); U.S. Publication No.

2002/0104790 ("Lincke"); and U.S. Publication No. 2005/0279683 ("Erlich"), either alone or in combination with each other.

59. As another example, the claims of the '031 Patent are invalid under 35 U.S.C. § 112 because the '031 Patent does not contain sufficient written description of the inventions set forth in the claims and the '031 Patent does not contain an enabling disclosure.

60. An actual justiciable controversy therefore exists between Wybotics and Zodiac regarding whether or not any claims of the '031 Patent are valid.

61. A judicial declaration is necessary and appropriate so that Wybotics may ascertain its rights regarding the validity of the '031 Patent.

62. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Wybotics is entitled to a declaratory judgment that the claims of the '031 Patent are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

## **PRAYER FOR RELIEF**

WHEREFORE, Wybotics respectfully requests that this Court enter judgment against Zodiac as follows:

A. Declaring that Wybotics has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '029 Patent in violation of 35 U.S.C. § 271;

B. Declaring that all claims of the '029 Patent are invalid;

C. Declaring that Wybotics has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '031 Patent in violation of 35 U.S.C. § 271;

D. Declaring that all claims of the '031 Patent are invalid;

E. Declaring Wybotics as the prevailing party and that this case is exceptional under 35 U.S.C. § 285 and awarding Wybotics its reasonable attorney's fees;

COMPLAINT FOR DECLARATORY JUDGMENT

|   |   |   |
|---|---|---|
| F. | Awarding Wybotics its fees, expenses, costs to the fullest extent permitted by law; and |
| G. | Awarding Wybotics such other relief as the nature of the case may admit or require, and any such other relief as this Court deems just and proper. |

Dated: September 9, 2025

Respectfully submitted,

JONES DAY

By: */s/ Alexis A. Smith*
Alexis A. Smith

Alexis A. Smith, Bar No. 274429
asmith@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071.2452
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Ryan B. McCrum (*pro hac vice* to be filed)
rbmccrum@jonesday.com
Susan M. Gerber (*pro hac vice* to be filed)
smgerber@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114.7231
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Attorneys for Plaintiffs
WYBOTICS INC. and WYBOTICS, CO. LTD.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Wybotics Inc. and Wybotics, Co. Ltd. hereby demand a trial by jury on all issues so triable.

Dated: September 9, 2025

Respectfully submitted,

JONES DAY

By: */s/ Alexis A. Smith*
Alexis A. Smith

Alexis A. Smith, Bar No. 274429
asmith@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071.2452
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Ryan B. McCrum (*pro hac vice* to be filed)
rbmccrum@jonesday.com
Susan M. Gerber (*pro hac vice* to be filed)
smgerber@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114.7231
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Attorneys for Plaintiffs
WYBOTICS INC. and WYBOTICS, CO. LTD.

COMPLAINT FOR DECLARATORY JUDGMENT